# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| Adele Green,<br><br>    Plaintiff,<br><br>v.<br><br>Goldman, Imani & Goldberg, Inc.,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a natural person who resided in Spring, Texas at all times relevant to this action.

3. Defendant is a Louisiana corporation that maintained its principal place of business in Houston, Texas at all times relevant to this action.

4. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

5. As described below, Defendant attempted to collect an alleged debt from Plaintiff, which is a "debt" as defined by 15 U.S.C. §1692a(5).

6. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

7. On or around August 12, 2009, Defendant's employee ("Desso") telephoned Plaintiff's residence and spoke to Plaintiff's daughter ("Mariah") in connection with the collection of the debt without Plaintiff's consent.

8. During this communication, Desso disclosed to Mariah that Plaintiff owed the debt.

9. During this communication, Desso falsely represented that Defendant was a law firm.

10. During this communication, Desso falsely represented that Defendant was preparing to file a lawsuit against Plaintiff.

11. On or around August 24, 2009, Desso telephoned Plaintiff's residence and again spoke to Mariah in connection with the collection of the debt without Plaintiff's consent.

12. During this communication, Desso again falsely represented that Defendant was preparing to file a lawsuit against Plaintiff.

13. During this communication, Desso falsely represented that the amount of the debt would likely increase to $20,000 if the debt was not resolve before Defendant filed a lawsuit against Plaintiff.

14. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

15. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

16. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

17. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party in connection with the collection of the debt without Plaintiff's consent

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. The Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to attempt to collect the debt.

## JURY DEMAND

22. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

23. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: s/ Timothy J. Sostrin
    Timothy J. Sostrin, attorney-in-charge
    IL Bar # 6290807
    SD Texas Bar # 980881
    233 S. Wacker Drive, Suite 5150
    Chicago, IL 60606
    Telephone:  866-339-1156
    Email:  tjs@legalhelpers.com
    Attorneys for Plaintiff